Scott, J. The defendant in error filed his declaration in as-sumpsit upon a promisory note payable to Peter Goodwin, or bearer, and in making out his title to sue alleges that the said Goodwin “assigned over and delivered the said promisory note to the said plaintiff, who then and thereby became, and was, and still is, the lawful bearer thereof and entitled to receive and demand payment of said sum of money therein specified,” &c. To this declaration the plaintiffs in error filed their demurrer, which the court below overruled, and, the plaintiffs in error saying-nothing further, but resting on their demurrer so overruled, final judgment was rendered against them, which they seek in this court to reverse. And to this end they insist that there should have b eon proferí of the assignment declared on; and to sustain this position they cite various decisions of this court on the subject of making proferí of the assignment of bonds, bills and promisory notes. All these decisions were made in cases where the assignment had been made by endorsement, and proceed upon the declared ground “that our statute has elevated (these) assignmeuts to the same dignity, as instruments of evidence, as the originals themselves, and that they can be impeached only in the same manner.” See Merchaxt vs. Slater, 1 Eng. 529. And if the assignment of a promisory note, payable to bearer, could be made in no other way than in writing, these authorities would be conclusive in favor of the objection to the declaration, but such is not the case. The definition of an assignment that it “is the setting over, or transfering, the interest a man hath in any thing to another,” (see Jacob, Law Dictionary, Edition of 1773,) being sufficiently broad to include the case of the transfer of a note payable to bearer by delivery merely. The supposition that the term “assignment” has never been used to express the transfer by delivery of a promissory note, payable to bearer, is an entire mistake. The case of Jackson vs. Heath, 1 Bai. Rep. 355, and that of Robinson vs. Crenshaw, 3 Steward & Porter Rep., and the cases there cited and commented upon, show that that term has been frequently used in this sense by Chief Justice Maiisiiall, and other jurists. It is true that assignments are very generally made in writing, and for the most part by indorsement, but they are by no means exclusively so made. For, in the case of promissory notes, payable to bearer, their assignment is most usually made by delivery merely without any written evidence of the assignment: and when so made (by delivery merely) the legal title in the bearer is as complete for all purposes as if there had been superadded to this assignment by delivery an assignment by indorsement. And in a case where a party assignee held under both, it would be competent for him to prosecute his suit under either at his own election. But should he, in such case, declare upon the written assignment, he would necessarily have to make proiert as declared by the several decisions of this court on this subject; but, on the contrary, should he declare only upon the assignment by delivery, the obligation to make proiert would not be upon him. In the case before us had the plaintiff below used the phrase “ assigned over by delivery,” instead of that of “ assigned over and delivered,” which he did use, doubtless no question would have arisen. But, inasmuch as he has not used the word “ in-dorsement,” or any other word, in connection with the word assignment that indicates, in the slightest degree, that the assignment declared on was in writing, and, moreover, does show distinctly that the note declared on was payable to bearer, and also that the effect of the assignment declared on was to make the plamtiff below the “lawful bearer,” it becomes manifest that he predicated his title to a recovery upon an assignment by delivery, which imposed no obligation upon him to make profert of such assignment. The court below, therefore, did not err in overruling the demurrer, and its judgment must, in all things, be affirmed.